SO ORDERED: December 06, 2010.




_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SCOTT ANTHONY GRIGOLETTI | ) | CASE NO. 10-5575-AJM-7 |
| LISSANNE GRIGOLETTI | ) | |
| | ) | |
| Debtors | ) | |
| _____ | ) | |
| | ) | |
| EDMORE CHIROMO | ) | Adversary Proceeding |
| | ) | No. 10-50516 |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SCOTT ANTHONY GRIGOLETTI | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT**

The Plaintiff filed his Complaint Objecting to Discharge of Debtor on August 16,

1

2010 [1] and the Defendant moved to dismiss that complaint on October 18, 2010 under Rule 12(b)(6) (Fed. R Bankr. P. 7012) for failure to state a claim. Hearing on the Defendant's motion to dismiss was held on November 17, 2010 wherein the Plaintiff, Edmore Chiromo ("Chiromo") appeared by counsel, Robert E. Duff; the Defendant, Scott Grigoletti ("Grigoletti") appeared by counsel, Kimber Leigh Whyte. The Court heard the arguments of counsel and took ruling on the matter under advisement. For the reasons stated below, the Court grants Grigoletti's motion.

### *Background*

On May 26, 2009, Chiromo sued Grigoletti, among other parties, in state court for criminal conversion, criminal confinement, false imprisonment, wrongful repossession and violation of the Indiana Deceptl've Consumer Sales Act (the State Court Action"). On January 23, 2010, Chiromo moved for summary judgment against Grigoletti on the criminal conversion claim. Summary judgment was entered in favor of Chiromo on March 9, 2010. (The "State Court Judgment'). [2]

---

[1] The introductory paragraph of the complaint indicated that the complaint was being brought under 11 U.S.C. §727, but paragraph 8 recited that the debt sought to be held nondischargeable arose "from larceny and willful and malicious injury" which refers to Sections 523(a)(4) and (a)(6), and not §727. Since the complaint makes no allegations with respect to §727 (which is an objection to the debtor's discharge, wherein debtor would be denied a discharge of all his scheduled debts), the Court proceeds on the assumption that the complaint seeks nondischargeability of only those amounts owed to Chiromo under §§523(a)(4) and (a)(6).

[2] The State Court Judgment reads as follows:
<u>JUDGMENT</u>

On March 2, 2010, the Court granted Plaintiff's motion for summary judgment. The Court now finds that Plaintiff should be awarded damages in the amount of $28,000. Plaintiff is also entitled to recover $15,005.00 in attorney fees and costs in the amount of $242.59.

Accordingly, the Court hereby enters final judgment in favor of Plaintiff and against Defendants Corporate One Automotive Group, Inc. And Scott A. Grigoletti in the total amount of Forty Three Thousand Two Hundred Forty Seven and Fifty Nine Cents ($43,247.59).

2

Grigoletti filed his chapter 7 bankruptcy case on April 19, 2010. Chiromo filed his complaint [to determine dischargeabilty] (the "Complaint") on August 16, 2010.[3] Grigoletti has moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6), made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P 7012.

### *Rule 12(b)(6) - Failure to State a Claim for Relief*

Grigoletti's Rule 12(b)(6) motion seeks dismissal for Chiromo's failure to state a claim for relief. When determining such motions, the Court accepts every factual allegation in the plaintiff's complaint, and dismissal of the complaint is proper only if there is no legal theory upon which the plaintiff could recover. See, *Village of Rosemont v. Jaffe*, 482 F.3d 926, 936 (7th Cir. 2007).

---

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT SUCH JUDGMENT IS ENTERED THIS [9] DAY OF MARCH, 2010.

[3] Grigoletti's Rule 12(b)(6) motion is premised primarily on Chiromo's failure to state a claim for relief even of all the allegations in the Complaint were true. It does not attack the sufficiency of the complaint. The complaint here on its face merely recites what occurred in the State Court Action and makes no factual allegations of Grigoletti's conduct that caused the debt owed to Chiromo to be excepted from discharge. For example, it alleged that Chiromo filed his second amended complaint in state court alleging criminal conversion, criminal confinement, false imprisonment, wrongful repossession and violation of the Indiana Deceptive Consumer Sales Act (¶ 1), Chiromo moved for summary judgment in state court on January 23, 2010 on the criminal conversion count (¶2); the state court granted summary judgment for Chiromo on March 2, 2010 (¶4); the state court entered summary judgment in Chiromo's favor on March 9, 2010 in the amount of $43,247.59 (¶5); a copy of the judgment was attached as Exhibit A and the judgment has not been satisfied (¶6, 7); and the judgment is not dischargeable because the debt arose from larceny and willful and malicious injury by Grigoletti against Chiromo (¶8). The definition of criminal conversion was set out in ¶3.

Although "notice" pleading requires only that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, see Fed. R. Bankr. P. 7008, a complaint must nonetheless include "enough facts to state a claim for relief that is plausible on its face". A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,1965, 167 L.Ed.2d 929 (2007).

### *§§523(a)(4) and (a)(6)*

Chiromo in his response contends that the State Court Judgment establishes that Grigoletti committed larceny for §523(a)(4) purposes and that he committed willful and malicious injury to Chiromo or Chiromo's property for §523(a)(6) purposes, thus rendering his debt nondischargeable.

An analysis of whether the Complaint states a claim for relief must begin with the State Court Judgment.  Ind Code §35-43-4-3 provides that "[a] person who knowingly or intentionally exerts unauthorized control over property of another commits criminal conversion."  Ind Code §35-41-2-2(a)  provides that "a person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so". Further, Ind Code §35-41-2-2(b) provides that "a person engages in conduct "knowingly" if, when he engages in the conduct, he is aware or a high probability that he is doing so".  So, the State Court found that Grigoletti had a conscious objective to exert unauthorized control over property while he was doing so or exerted unauthorized control over property while he was aware that he was doing so.

Larceny for §523(a)(4) dischargeability purposes, is defined by federal law and requires a debtor to wrongfully and with fraudulent intent take property from another. The original taking must be unlawful and the debtor must have felonious intent at the time of the taking.  *In re Luedtke*, 429 B.R. 241,  252 (Bankr. N. D. Ind. 2010). Section 523(a)(6) requires the injury to property to be both "willful" and malicious".  "Willful" means "deliberate or intentional", but it is not enough for the act that leads to the injury to be "willful", for even intentional acts can lead to unintended injury.  Rather, §523(a)(6) requires that the act be done *with the intent to cause injury*.  *Kawaauhua v. Geiger*, 523

4

U.S. 57, 64, 118 S.Ct. 974, 978 (1998); see also, *In re May*, 2006 WL 2927582 (Bankr. S. D. Ind. 2006)(Coachys, J.)

The act that Grigoletti was found guilty of in State Court – the conscious act of exerting control over property of another or his awareness of exerting control over property of another while he was doing so – fails to state a claim for relief under either §523(a)(4) or (a)(6). It fails under §523(a)(4) because it does not involve a "taking"of property directly by the owner, only an exertion of unauthorized control of property. It fails under §523(a)(6) because it does not provide that Grigoletti intended his act of unauthorized control to injure Chiromo. Even if all the allegations in Chiromo's complaint were taken as true, it still would not state a claim for nondischargeability under §523(a)(4) or §523(a)(6). Accordingly, Grigoletti's motion is GRANTED and Chiromo's complaint is DISMISSED.

# # #

Distribution:

Robert E. Duff, Attorney for Edmore Chiromo, Plaintiff
Kimber Leigh Whyte, Attorney for Scott Anthony Grigoletti, Defendant
Case Trustee